## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

PAUL CARRILLO,

    Petitioner,

v.                                               CV No. 19-880 WJ/CG

BETTY JUDD, *Warden,*

    Respondent.

## **ORDER TO SHOW CAUSE**

**THIS MATTER** is before the Court on Paul Carrillo's *Habeas Corpus Petition Under 28 U.S.C. § 2241*, (Doc. 1), and *Motion to Proceed In Forma Pauperis*, (Doc. 4). Mr. Carrillo challenges his 2019 prison disciplinary proceeding at the Cibola County Correctional Center (the "Prison"). Prison officials issued a disciplinary report after Mr. Carrillo allegedly failed to follow orders; altered prison property; and possessed prison contraband (*i.e.,* a makeshift clothesline). (Doc. 1 at 11). As a sanction, Prison officials searched his cell and confiscated all contraband. *Id.* The Petition alleges Mr. Carrillo did not receive due process during the disciplinary proceeding. On April 30, 2020, Mr. Carrillo filed a notice indicating he has been released from Prison and is living at a halfway house in Albuquerque, New Mexico. (Doc. 5).

Generally, a released habeas petitioner can only obtain relief where the alleged constitutional violation "has continuing collateral consequences." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *see also Dumas v. U.S. Parole Comm'n*, 397 Fed. App'x 492, 493 (10th Cir. 2010) (applying *Spencer's* mootness inquiry to § 2241 petitions). Unless the habeas claims challenge an underlying criminal conviction, the Court presumes no such consequences exist following the release from prison, and "[petitioner] bears the burden

of demonstrating the existence of actual collateral consequences" resulting from the constitutional violation. *United States v. Meyers*, 200 F.3d 715, 719 (10th Cir. 2000). The habeas claims here do not challenge the underlying conviction. Instead, Mr. Carrillo seeks a writ under § 2241 to remedy the confiscation of his clothesline in 2019. The Court cannot fashion such a remedy under § 2241, which is only directed towards the "immediate or speedier release from confinement." *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005).

For these reasons, the Court will require Mr. Carrillo to show cause by August 24, 2020, why the habeas petition is not moot. The Court will also grant his *Motion to Proceed In Forma Pauperis* (Doc. 4), as his financial information reflects he cannot afford to prepay the filing fee. If Mr. Carrillo concedes the claims are moot or otherwise fails to show-cause, the Court will dismiss the petition without further notice.

**IT IS THEREFORE ORDERED** that the *Motion to Proceed In Forma Pauperis* (Doc. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that by **August 24, 2020**, Mr. Carrillo shall show cause, if any, why this habeas proceeding should not be dismissed as moot.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE