IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

_____

PAUL CARRILLO,

    Petitioner,

v.    No. 19-cv-880 WJ-CG

BETTY JUDD, *Warden,*

    Respondent.

### MEMORANDUM OPINION AND ORDER

    This matter comes before the Court on Paul Carrillo's Habeas Corpus Petition Under 28 U.S.C. § 2241 (Doc. 1). Carrillo challenges his prison disciplinary proceeding at the Cibola County Correctional Center ("CCCC"). The Court previously directed him to show cause why this action is not moot following his release from prison. Because Carrillo failed to respond, and considering applicable law, the Court will dismiss the Petition as moot.

### BACKGROUND

    On or about August 19, 2019, CCCC Officer Garcia issued a Form 15-2A disciplinary report to Carrillo. (Doc. 1 at 2). The Prison records reflects that Carrillo allegedly failed to follow orders; altered prison property; and possessed prison contraband (i.e., a makeshift clothesline). *Id.* at 11. As a sanction, Prison officials searched his cell and confiscated all contraband. *Id.* Carrillo alleges the cell search constituted harassment, and that he did not receive due process at the September 9, 2019 disciplinary hearing. *Id.* at 2. Specifically, he contends he could not defend himself, a correctional officer "blatantly and shamefully lied," and Prison officials knew the clothesline was not made of prohibited materials. *Id.*

On September 20, 2019, Carrillo filed the federal § 2241 Petition. On April 30, 2020, Carrillo filed a notice indicating he was released from Prison and is living at a halfway house in Albuquerque, New Mexico. (Doc. 5). The Court directed Carrillo to show cause why his § 2241 petition should not be dismissed as moot, since he is no longer in custody. (Doc. 6). The show-cause deadline was August 22, 2020, and Carrillo failed to respond.

## DISCUSSION

Section 2241 provides a remedy when a petitioner is "*in custody* in violation of the Constitution or laws … of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added). A released petitioner can only prevail where "a wrongful criminal conviction has continuing collateral consequences" sufficient to meet the in-custody requirement. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). *See also Dumas v. U.S. Parole Comm'n,* 397 Fed. App'x 492, 493 (10th Cir. 2010) (applying *Spencer's* mootness inquiry to § 2241 petitions). Unless the habeas claims challenge an underlying criminal conviction, the Court presumes no such consequences exist following the release from prison. *See United States v. Meyers*, 200 F.3d 715, 719 (10th Cir. 2000). The "[petitioner] bears the burden of demonstrating the existence of actual collateral consequences" resulting from the constitutional violation. *United States v. Meyers*, 200 F.3d 715, 719 (10th Cir. 2000).

The habeas claims here do not challenge the underlying conviction. Carrillo seeks a writ to remedy the confiscation of his clothesline in 2019. The Court cannot fashion such a remedy under § 2241, which is only directed towards the "immediate or speedier release from confinement." *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005). The Court explained these principles in the prior Order and warned that the failure to timely address mootness will

result in dismissal of the case.  (Doc. 6 at 2).

Based on the record and Carrillo's failure to respond, the Court finds the habeas claims are moot and will dismiss the Petition.  To the extent it is necessary, the Court will also deny a certificate of appealability under Habeas Corpus Rule 11.  Carrillo has not "made a substantial showing of the denial of a constitutional right" or demonstrated reasonable jurists would find this ruling debatable.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS ORDERED** that Paul Carrillo's Habeas Corpus Petition Under 28 U.S.C. § 2241 (**Doc. 1**) is **DISMISSED;** a certificate of appealability is **DENIED**; and a separate judgment will be entered closing the civil case.

**SO ORDERED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE